UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DERRICK A. RICHARDSON, | Civil Action No. 20-7730 (CCC) |
| Petitioner, | |
| v. | **MEMORANDUM ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**CECCHI, District Judge.**

Currently before the Court are *pro se* petitioner Derrick A. Richardson's amended motion to vacate sentence (ECF No. 4) and motion to appoint counsel (ECF No. 7). Rule 4 of the Rules Governing Section 2255 Proceedings requires the Court to screen the amended motion to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." The Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Motions filed pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). This limitations period runs from the latest of: the date on which the petitioner's conviction becomes final, the date on which a Government-created impediment to the filing of his motion is removed, the date on which the Supreme Court first recognizes the claims raised where a claim is based on a newly recognized right made retroactive to cases on collateral review, or the date on which the facts supporting the claim first could have been discovered through due diligence. 28 U.S.C. § 2255(f)(1)-(4). "In most cases, the operative date from which the limitation period is measured will be . . . the date on which the judgment of conviction becomes final." *Dodd v. United States*, 545 U.S. 353, 357 (2005) (internal quotations omitted). Where a

petitioner does not file a direct appeal, his conviction is considered final when the time for the filing of an appeal has run. *See Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999).

Richardson pled guilty in June 2015 and judgment was entered on May 26, 2016. *See United States v. Richardson*, 14-cr-375, ECF Nos. 17, 24. Richardson did not appeal; therefore, his conviction became final 14 days later on June 9, 2016. *Kapral*, 166 F. 3d at 577; Fed. R. App. P. 4(b). Thus, absent an alternative start date, Richardson's time to file a Section 2255 motion expired on June 9, 2017, more than three years before he filed this motion.

Richardson argues his motion is timely because it was filed within one year of the Supreme Court's June 21, 2019 ruling in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). ECF No. 4 at 12. *Rehaif* would only provide an alternative start date if the Supreme Court recognized a "new right" *and* made it "retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). In *Rehaif*, the Supreme Court held that in a prosecution under 18 U.S.C. § 922(g)—which made it unlawful for certain categories of people to possess firearms—and 18 U.S.C. § 924(a)(2)—which made it a crime to "knowingly" violate § 922(g)—the prosecution must prove *both* that the defendant knew he possessed a firearm *and* that the defendant knew he belonged to the relevant category of persons barred from possessing a firearm. *Rehaif*, 139 S. Ct. at 2194.

The Third Circuit has held that *Rehaif* neither announced a new constitutional rule of law nor was made retroactive to cases on collateral review, such that it would allow a second or successive habeas petition. *See In re Sampson*, 954 F.3d 159, 161, 161 n.3 (2020); *United States v. McArthur*, No. 16-53, 2020 WL 3064293, at *2 (W.D. Pa. June 9, 2020). However, Richardson brings an *initial* 2255 motion, which is "subject to a less stringent provision that does not require the 'newly recognized right' to be a constitutional one." *Mathis v. United States*, No. 20-8951, 2021 WL 1783285, at *3 (D.N.J. May 5, 2021); *see Boatwright v. Warden Fairton FCI*, 742 F.

App'x 701, 703 (3d Cir. 2018) ("Unlike new rules permitting successive § 2255 motions, new 'rights' triggering § 2255(f)(3) need not be constitutional."). "[T]he Third Circuit has not yet addressed whether *Rehaif* announced a new non-constitutional rule made retroactive to initial § 2255 motions." *Mathis*, 2021 WL 1783285, at *3.

Under *Teague v. Lane*, 489 U.S. 288 (1989), a new rule announced by the Supreme Court is generally not retroactively applicable to criminal cases on collateral review. 489 U.S. at 310. There are two exceptions: for (1) new rules that are substantive; or (2) new "watershed rule[s] of criminal procedure." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007). "A rule is substantive . . . if it alters the range of conduct or the class of persons that the law punishes." *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004). "[R]ules that regulate only the manner of determining the defendant's culpability are procedural." *Id.* A rule is a "watershed rule of criminal procedure" if it "implicat[es] the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 352 (citation and quotation marks omitted). The watershed class of rules "is extremely narrow." *Id.* A new rule of procedure that "merely raise[s] the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise" is not enough to constitute a "watershed" procedural rule and generally does not apply retroactively to cases on collateral review. *Id.*

District courts that have analyzed whether *Rehaif* is retroactive under *Teague* and its progeny "have reached different conclusions." *United States v. McLaughlin*, No. 12-179, 2022 WL 2181063, at *35 (M.D. Pa. June 16, 2022) (collecting cases). As one court explains:

> Applying [the *Teague*] framework to *Rehaif*, several district courts have found that the Supreme Court's statutory interpretation and clarification of what the Government must prove in order to convict a defendant under § 922(g) is a procedural rule—not a substantive rule, but also not a "watershed" procedural rule triggering retroactivity. *See United States v. Battle*, No. 16-017, 2020 WL 4925678, at *4-5 (W.D. Pa. Aug. 21, 2020) (collecting cases from other District Courts that apply *Teague*, along with cases that do not expressly apply *Teague* but nonetheless find *Rehaif* to be non-retroactive on collateral review). Still, a few other courts have

3

> found the opposite, that *Rehaif* articulated a substantive rule that narrows the scope of persons who may be prosecuted and convicted under § 922(g) and is retroactive on collateral review. *See United States v. Roberts*, No. 15-387, 2020 WL 6700918, at *2, n.3 (E.D. Pa. Nov. 13, 2020); *Nunez v. United States*, No. 14-130, 2021 WL 621194, at *3 (D. Me. Feb. 17, 2021). The Court is persuaded more by the line of authority finding *Rehaif* is not retroactive to cases on collateral review, that it is neither a substantive rule nor a "watershed" rule, but a procedural rule clarifying the Government's burden to obtain a conviction under § 922(g). Thus, although Petitioner filed his § 2255 motion within one year of the Supreme Court's decision in *Rehaif*, the motion nonetheless appears to be time-barred by § 2255(f)'s one-year statute of limitations.

*Mathis v. United States*, No. 2:20-8951, 2021 WL 1783285 (D.N.J. May 5, 2021), at *3.

This Court is also persuaded by the line of authority finding *Rehaif* not retroactive to cases on collateral review; *Rehaif* announced a procedural rule that does not fall within the "extremely narrow" watershed class of rules. *See McLaughlin*, 2022 WL 2181063, at *36 ("I am persuaded that *Rehaif* is not retroactive to cases on collateral review because the new requirement that the Government prove 'knowledge of status' is a procedural rule clarifying the Government's burden to obtain a conviction under § 922(g)."); *United States v. Zareck*, No. 09-168, 2021 WL 4391393, at *73 (W.D. Pa. Sept. 24, 2021) (finding that *Rehaif* does not apply retroactively because it "set forth a procedural rule—not a substantive rule or a watershed rule of criminal procedure"), *Brown v. United States*, No, 20-8965, 2021 WL 120677, at *1 (D.N.J. Jan. 13, 2021) ("As the Third Circuit has recently explained, *Rehaif* neither created a new 'right' by announcing a new rule of constitutional law, nor was it made retroactive to collateral review cases.") (citations omitted); *United States v. Battle*, No. 16-017, 2020 WL 4925678, at *5 (W.D. Pa. Aug. 21, 2020) (holding that § 2255 motion was barred by the applicable statute of limitations because *Rehaif* is not a retroactive rule); *Colen v. Ortiz*, No. 19-15413, 2022 WL 488943, at *4 (D.N.J. Feb. 17, 2022) (("Like Judge Kugler, this Court 'expresses significant doubts as to whether *Rehaif* . . . [applies retroactively] to cases on collateral review.'"); quoting *United States v. Darden*, No. 15-173-1, 2021 WL 4476889, at *2 (E.D. Pa. Sept. 30, 2021) (alteration in original))). Accordingly, *Rehaif*

4

cannot be used to provide an alternative start date for the one-year limitations period applicable to Richardson's motion.[1]

Thus, absent equitable tolling, Richardson's amended motion to vacate sentence appears to be time barred by more than three years. *See Luntungan v. Atty. Gen. of U.S.*, 449 F.3d 551, 557 (3d Cir. 2006). To demonstrate entitlement to equitable tolling, a petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Jenkins*, 705 F.3d at 89. Extraordinary circumstances may be found where the petitioner: (1) has been actively misled, (2) has in some extraordinary way been prevented from asserting his rights, or (3) has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citation omitted). As Richardson has not yet had an opportunity to address the equitable tolling issue, this Court will give Richardson an opportunity to show cause within 60 days why his amended motion should not be dismissed as time barred.

Richardson has also moved for appointment of pro bono counsel. ECF No. 7. Indigent litigants are eligible for appointment of pro bono counsel upon satisfaction of the standard set forth in *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993). After considering the merits of a claim as a threshold matter, courts "should consider additional factors that bear on the need for appointed counsel

---

[1] Even if *Rehaif* were retroactive to cases on collateral review, it is not clear that Richardson's motion would be timely. To be considered timely, the initial motion should have been filed by June 21, 2020 (a year from the date of the *Rehaif* decision). Richardson's motion was not filed until June 26, 2020. ECF No. 1. Accordingly, to demonstrate that the motion was timely, Richardson would need to avail himself of the "prison mailbox rule" by establishing that he delivered his petition to prison officials for filing by June 21, 2020. *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (under the prison mailbox rule, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing[.]"). The date Richardson's petition was deemed filed need not be resolved now, however, because, as discussed above, the Court finds that *Rehaif* is not retroactive to cases on collateral review.

including: (1) plaintiff's ability to present his case; (2) the difficulty of the legal issues; (3) the degree to which factual investigation will be necessary and plaintiff's ability to pursue investigation; (4) plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which the case will turn on credibility determinations; and (6) whether the case will require testimony from an expert witness." *Id.* at 156. Given the issues raised above, appointment of counsel here would be premature. Accordingly, the Court denies the motion without prejudice to Richardson's right to re-file the motion together with any argument relating to equitable tolling. Any new motion to appoint pro bono counsel should address the *Tabron* factors discussed above.

**THEREFORE, IT IS** on this 13th day of January, 2023,

**ORDERED** that Richardson's motion to appoint pro bono counsel (ECF No. 7) is **DENIED** without prejudice; and it is further

**ORDERED** that within 60 days of the date of this Order, Richardson shall show cause why his amended motion to vacate sentence (ECF No. 4) should not be dismissed as untimely; and it is further

**ORDERED** that failure to respond to this Order within the specified time will result in the dismissal of Richardson's amended motion to vacate sentence with prejudice as time barred; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Richardson by regular U.S. mail.

s/ Claire C. Cecchi
_____
**Claire C. Cecchi, U.S.D.J.**
